# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AUGUSTIN HURET, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2021-0208-SG |
| | ) | |
| | ) | |
| MONDOBRAIN, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Date Submitted: January 26, 2022
Date Decided: April 27, 2022

Michael W. McDermott and Peter C. McGivney, of BERGER HARRIS LLP, Wilmington, Delaware, *Attorneys for Plaintiff Augustin Huret.*

James D. Taylor, Jr., of SAUL EWING ARNSTEIN & LEHR LLP, Wilmington, Delaware; OF COUNSEL: Joseph L. Manson III, of LAW OFFICES OF JOSEPH L. MANSON III, Alexandria, Virginia, *Attorneys for Defendant MondoBrain, Inc.*

**GLASSCOCK, Vice Chancellor**

This is the latest (the last?) incarnation of a longstanding dispute between Plaintiff Augustin Huret, and a company he helped found and served as a director, Defendant MondoBrain, Inc. ("MondoBrain") and its other principals as well. In this action, Huret seeks indemnification for one of the underlying litigations. Currently before me are cross-motions for summary judgment. That underlying action for which indemnification is sought was settled by the parties, "ending" the litigation. MondoBrain purports to have been blindsided when the next day, Huret filed this action for indemnification; it alleges that any indemnification right was subsumed with all other issues in the settlement. Huret argues that the indemnification right was not addressed in the settlement, and that in fact, his indemnification right arose only upon his successful settlement of the action.

I need not resolve this controversy, because Huret is entitled to mandatory indemnification only to the extent he was successful "on the merits or otherwise" in the action, as represented by the settlement result achieved by him. Huret points out that the settlement did not require him to pay any direct damages, and therefore he was successful in his defense. I find, however, that the plain terms of the settlement indicate lack of success, and thus he is not entitled to the indemnification he seeks. The Plaintiff's motion, accordingly, is denied, and the Defendant's motion is granted. My rationale follows.

# I. BACKGROUND[1]

## A. Parties and Relevant Non-Parties

Plaintiff Augustin Huret is a founder and former director of Defendant MondoBrain.[2] MondoBrain is a Delaware corporation with headquarters in New York.[3] Non-party Noreen Harrington is a MondoBrain stockholder.[4]

## B. Factual Background

In August 2019, Harrington filed a derivative complaint against Huret on behalf of MondoBrain (the "Derivative Action").[5] The complaint in the Derivative Action sought approximately $2 million in damages for alleged breaches of fiduciary duty and sought to remove Huret from his position as a MondoBrain officer and director.[6] While the Derivative Action was pending, Huret initiated an action in

---

[1] Unless otherwise noted, the information in this opinion is undisputed and taken from the verified pleadings, affidavits, and other evidence submitted to the Court.

[2] Verified Compl. Mandatory Indemnification Pursuant 8 *Del. C.* § 145(c) ¶ 1 [hereinafter "Compl."].

[3] *Id.* ¶ 2.

[4] *Id.* ¶ 5.

[5] *Id.* ¶ 5; *see generally* Verified Shareholder Derivative Compl., *Harrington v. Huret*, (Dkt. No. 1), C.A. No. 2019-0626-SG [hereinafter the "Derivative Compl."].

[6] *See* Derivative Compl. ¶¶ 112–23. Although the complaint in the Derivative Action does not specify the amount of damages sought, the Defendant has asserted in its summary judgment briefing here that it sought approximately $2 million in damages. *E.g.*, Def. MondoBrain, Inc.'s Opening Br. Supp. Mot. Dismiss, Dkt. No. 4 at 4 [hereinafter "Def.'s OB"]; Def. MondoBrain, Inc.'s Combined Opp. Pl. Augustin Huret's Mot. Partial Summ. J. and Reply Br. Further Supp. Mot. Dismiss, Dkt. No. 9 at 4, 16 [hereinafter "Def.'s AB"]; Def. MondoBrain, Inc.'s Opening Suppl. Br. Further Supp. Its Mot. Summ. J. and Opp. Pl. Augustin Huret's Mot. Summ. J., Dkt. No. 28 at 2–3, 14–15, 17, 19, 25 [hereinafter "Def.'s Suppl. OB"]; Def. MondoBrain, Inc.'s Suppl. Reply Br. Opp. Pl. Augustin Huret's Suppl. Opening Br. at 3–4, 15 [hereinafter "Def.'s Suppl. AB"]. The Defendant asserts that this amount is supported by a preliminary outside audit, which "found that Huret had improperly overcharged MondoBrain approximately $1.8 million." Def.'s

2

France seeking approximately $7.9 million in damages from Harrington and three other employees of MondoBrain, related to purported violations of French privacy laws (the "French Action").[7]

In September 2019, Huret moved to dismiss Count III of the Derivative Action, which sought to remove Huret as a MondoBrain officer and director.[8] Harrington did not oppose the motion to dismiss, which the Court granted.[9] Thereafter, in December 2020, Harrington and Huret began discussing a settlement of the Derivative Action.[10]

The parties executed a settlement agreement on December 31, 2020 (the "Settlement Agreement").[11] The Settlement Agreement provided that Harrington would dismiss the Derivative Action against Huret "with prejudice," and that Huret would agree to sell all of his MondoBrain shares to stockholders including Harrington, in exchange for $150,000 and the forgiveness of $36,939 in legal fees

---

Suppl. OB at 15. The Plaintiff does not appear to dispute that the complaint in the Derivative Action sought approximately $2 million in damages.

[7] Aff. Noreen Harrington Supp. MondoBrain, Inc.'s Opp. Mot. Partial Summ. J. Reply Further Supp. Mot. Dismiss [hereinafter "Harrington Aff."], Ex. A, Dkt. No. 9. The complaint in the French Action sought damages of over 6.6 million Euros and $200,000 in fees. Harrington Aff. ¶ 4. The Defendant has asserted, and the Plaintiff does not dispute, that this amount converts to approximately $7.9 million USD. *See, e.g.*, Def.'s AB at 9.

[8] *See* Pls.' Unopposed Mot. Approve Settlement Dismiss Compl. Prejudice, *Harrington v. Huret*, (Dkt. No. 200), C.A. No. 2019-0626-SG ¶ 8.

[9] *See id.*

[10] Joint Stip., Dkt. No. 26 ¶ 1 [hereinafter the "Stip."].

[11] *Id.* ¶ 17; *see also* Transmittal Decl. Elizabeth Fenton Supp. Mot. Dismiss, Ex. F, Dkt. No. 4 [hereinafter the "Settlement Agreement"].

owed by Huret.[12]  The Settlement Agreement further provided that "Huret agrees that this Agreement settles all of the claims in France that were asserted or could be asserted by Huret or HKT and further warrants that none of these claims may be the subject of any legal action by Huret, HKT or any of their affiliates against MondoBrain or any of its Affiliates."[13]  The Settlement Agreement also required Huret to resign from the MondoBrain board of directors and relinquish any rights to appoint a MondoBrain director.[14]

### C. Huret Seeks Indemnification

I approved the Settlement Agreement on March 10, 2021.[15]  The next day, on March 11, 2021, Huret initiated this action, seeking indemnification for his defense of the Derivative Action, and for purported criminal investigations involving the same alleged conduct.[16]  Huret also seeks fees on fees for his pursuit of indemnification.[17]  The Defendant moved to dismiss the Complaint on April 9, 2021.[18]  On May 25, 2021, the Plaintiff moved for partial summary judgment on the

---

[12] Settlement Agreement ¶¶ 1–3.
[13] *Id.* ¶ 14.
[14] *Id.* ¶ 4.
[15] *See* Order, *Harrington v. Huret*, (Dkt. No. 207), C.A. No. 2019-0626-SG.
[16] *See generally* Compl. ¶¶ 24–33.
[17] *Id.* ¶¶ 34–36.
[18] *See* Def.'s OB.

issue of his entitlement to indemnification.[19]  The parties completed briefing on the motions on July 14, 2021,[20] and I held oral argument on October 25, 2021.

At oral argument, I instructed the parties to undertake limited discovery and agree to a stipulated set of facts regarding the parties' expectations in drafting the Settlement Agreement.[21]  I also dismissed the claim for indemnification of the potential criminal investigation as unripe, without prejudice, because the Plaintiff's counsel represented that no fees had been incurred in connection with any criminal investigations.[22]  The parties submitted a joint stipulation of facts on December 17, 2021,[23] and completed supplemental briefing on January 19, 2022.[24]  I held oral argument on the supplemental briefing on January 26, 2022, and I consider the matter fully submitted as of that date.

---

[19] *See* Mot. Partial Summ. J. Issue Entitlement Mandatory Indemnification Section 145(c), Dkt. No. 6; Pl.'s Opening Br. Supp. Partial Summ. J. Issue Entitlement Mandatory Indemnification Section 145(c) and Pl.'s Answering Br. Opp. Def.'s Mot. Dismiss, Dkt. No. 6 [hereinafter "Pl.'s OB"].

[20] Def.'s AB; Pl.'s Reply Br. Further Supp. Partial Summ. J. Issue Entitlement Mandatory Indemnification, Dkt. No. 11.

[21] Tr. re Oral Arg. and Rulings Ct. Pl.'s Mot. Partial Summ. J. Def.'s Mot. Dismiss, Dkt. No. 18 at 47:2–49:7.

[22] *Id.* at 50:1–10.

[23] *See generally* Stip.

[24] *See* Pl.'s Suppl. Opening Br. Issue "Success on the Merits or Otherwise" Under Delaware Law, Dkt. No. 27 [hereinafter "Pl.'s Suppl. OB"]; Def.'s Suppl. OB; Pl.'s Suppl. Answering Br. Issue "Success on the Merits or Otherwise" Under Delaware Law, Dkt. No. 30 [hereinafter "Pl.'s Suppl. AB"]; Def.'s Suppl. AB.

## II. ANALYSIS

*A. The Plaintiff Is Not Entitled to Indemnification*

The Plaintiff asserts that he is entitled under DGCL § 145(c) and MondoBrain's certificate of incorporation (the "Charter") and bylaws to mandatory indemnification for his legal fees and expenses incurred in the Derivative Action.[25] "[I]n the case of a mandatory indemnification provision, the burden rests on the party from whom indemnification is sought [here, MondoBrain] to prove that indemnification is not required."[26]

Section 145(c) of the DGCL provides as follows:

> To the extent that a present or former director or officer of a corporation has been *successful on the merits or otherwise* in defense of any action, suit or proceeding referred to in subsections (a) and (b) of this section, or in defense of any claim, issue or matter therein, such person shall be indemnified against expenses (including attorneys' fees) actually and reasonably incurred by such person in connection therewith.[27]

The parties agree that MondoBrain's certificate of incorporation and bylaws provide for indemnification rights identical to those in Section 145(c).[28] The parties also do not dispute that the Derivative Action constitutes a covered proceeding.

The parties dispute, however, whether Huret was "successful on the merits or otherwise" in the Derivative Action within the meaning of Section 145(c) and

---

[25] Compl. ¶¶ 24–33.
[26] *Stockman v. Heartland Indus. Partners, L.P.*, 2009 WL 2096213, at *13 (Del. Ch. July 14, 2009).
[27] 8 *Del. C.* § 145(c)(1) (emphasis added).
[28] Pl.'s OB at 17–18; Def.'s OB at 12.

MondoBrain's Charter and bylaws. As explained below, I conclude that Huret was not "successful on the merits or otherwise," and is therefore not entitled to indemnification under Section 145(c) or MondoBrain's Charter or bylaws.

"When determining success on the merits, this Court does not look 'behind the result.'"[29] Instead, "where the outcome of a proceeding signals that the indemnitee has avoided an adverse result, the indemnitee has succeeded 'on the merits or otherwise,' and further inquiry into the 'how' and 'why' of the result is unnecessary."[30] In analyzing success on the merits, I must therefore "examine what [the Plaintiff] was charged with or formally accused of, and [] compare that with the result [the Plaintiff] actually achieved."[31]

The Plaintiff contends that dismissal of a covered proceeding "with prejudice" and "without any payment or admission of liability" constitutes success, both "on the merits" and "otherwise."[32] Therefore, the Plaintiff contends that he was successful "on the merits" and "otherwise" because the Settlement Agreement required no settlement payment or admission of liability.[33] To review any of the other concessions contained in the Settlement Agreement, says the Plaintiff, would

---

[29] *Hermelin v. K-V Pharm. Co.*, 54 A.3d 1093, 1107 (Del. Ch. 2012).
[30] *Id.*
[31] *Id.* at 1108.
[32] Pl.'s Suppl. OB § III.C–D.
[33] *Id.*

7

constitute an impermissible assessment of "how" and "why" the result was obtained.[34] I disagree.

The Court does not "look 'behind the result'" in a proceeding to determine "how" or "why" the result was obtained, because that would violate the spirit of mandatory indemnification and have adverse results for litigants/judicial efficiency.[35] A contrary policy, taken to its logical conclusion, could require a hearing that would resemble a merits hearing in miniature form. While the Court is careful to avoid such extrinsic examinations, that does not prevent me from examining the settlement itself, as a whole. I must assess the outcomes achieved by the putative indemnitee to determine whether he "[e]scape[d] from an adverse judgment or other detriment . . . ."[36] "[O]ther detriments" are not limited, *pace* the Plaintiff, merely to payments and admissions of liability. Indeed, in *Hermelin*, the Court held that a purported indemnitee was not successful in a matter that sought to impose a lifetime exclusion from federal healthcare programs, because the outcome of the proceeding resulted in a twenty-year exclusion from federal health care

---

[34] *E.g.*, Pl.'s Suppl. OB at 18; *see also* Pl.'s Suppl. AB § IV.
[35] *Horne v. OptimisCorp*, 2017 WL 838814, at *3 (Del. Ch. Mar. 3, 2017) (when considering "success" for purposes of mandatory indemnification, "it is neither fair nor efficient for the Court to facilitate prolonged and expensive discovery into the facts of the underlying litigation or to revisit the reasons for the results achieved there"); *Brown v. Rite Aid Corp.*, 2019 WL 2244738, at *6 (Del. Ch. May 24, 2019) (looking "strictly at the outcome of the underlying action" "avoids, where possible, prolonged and expensive discovery into the facts behind a particular dismissal, settlement, or plea" (quoting *Hermelin*, 54 A.3d at 1107–08)).
[36] *Rite Aid*, 2019 WL 2244738, at *8 (quoting *Waltuch v. Conticommodity Servs., Inc.*, 88 F.3d 87, 96 (2d Cir. 1996)).

programs.[37]  The Court rejected the indemnitee's argument that he was successful because he was did not "make any payment."[38]  Like the Court in *Hermelin*, I decline to limit my assessment of the outcomes obtained in the Derivative Action to the absence of settlement payment or admission of liability.  Applying that standard, I find that the Plaintiff was not successful with respect to any of the counts in the Derivative Action.

The Plaintiff first contends that he was successful in Count III of the Derivative Action, which sought to remove him as a director of MondoBrain, because he obtained a dismissal with prejudice of that count after an unopposed motion to dismiss.[39]  But the Settlement Agreement itself *required* the Plaintiff to *resign* as a director of MondoBrain.[40]  That is, the Plaintiff agreed to the precise relief sought by Count III.  Comparing the relief sought by Count III, removing Huret from the MondoBrain board of directors, with the outcome achieved, Huret's resignation from the MondoBrain board, I find that the Plaintiff failed to achieve success with respect to Count III.[41]

---

[37] 54 A.3d at 1109–10.
[38] *Id.* at 1109.
[39] Pl.'s Suppl. AB at 20 n.6.
[40] *See supra* note 14 and accompanying text.
[41] *See Hermelin*, 54 A.3d at 1109 ("Comparing the potential outcome Hermelin faced[,] []effectively a lifetime exclusion from federal healthcare programs[,] and the actual outcome of the proceeding[,] []Hermelin's twenty-year exclusion from federal healthcare programs[,] Hermelin clearly did not succeed on the merits.").

The Plaintiff next contends that he succeeded in Counts I and II of the Derivative Action because he obtained, through the Settlement Agreement, the dismissal with prejudice of those counts "without any fine, judgment or settlement payment" and "without any assumption or admission of liability by" the Plaintiff.[42] Again, comparing the relief sought with the results obtained demonstrates that the Plaintiff was unsuccessful. Counts I and II of the Derivative Action sought to recover approximately $2 million in damages.[43] The Settlement Agreement required the Plaintiff to give up the French Action, in which he sought over $7.9 million in damages from MondoBrain and Harrington.[44] In other words, the Plaintiff gave up claims that were worth, according to him, more than the damages sought in Counts I and II. That concession precludes a finding of success "on the merits" or "otherwise."

In short, in the face of a lawsuit seeking approximately $2 million in damages and to remove the Plaintiff as a MondoBrain director, the Plaintiff agreed to resign as MondoBrain director and dismiss his own lawsuit seeking approximately $7.9 million in damages. Because I hold that these concessions preclude a finding of success in the Derivative Action, I need not consider the Defendant's alternative

---

[42] Pl.'s Suppl. OB § III.C–D.
[43] *See supra* note 6 and accompanying text.
[44] *See supra* note 7 and accompanying text.

argument—that the Plaintiff waived his right to indemnification by agreeing to the Settlement Agreement.

*B. The Plaintiff Is Not Entitled to Fees on Fees*

The Plaintiff also seeks, in Court II of this action, fees on fees for prosecuting his right to indemnification.[45] Because the Plaintiff was unsuccessful in seeking indemnification for his fees and expenses incurred in the Derivative Action and the potential criminal investigations, he is not entitled to recover any fees on fees.[46]

### III. CONCLUSION

The Plaintiff's motion for summary judgment is DENIED in its entirety, and the Defendant's motion for summary judgment is GRANTED in its entirety. The parties should submit an appropriate form of order.

---

[45] Compl. ¶¶ 34–36.

[46] *Kaung v. Cole Nat'l Corp.*, 2005 WL 3462250, at *1 (Del. Ch. Dec. 13, 2005) (indemnitee was "not entitled to recover any 'fees on fees' in relation to his unsuccessful prosecution of this case").